UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

WP CARS, LLC, d/b/a White Plains Volkswagen
and IDD CARS, LLC, d/b/a Volkswagen of
Nanuet

                        Plaintiffs,                Civil Action No.:

                                                 **COMPLAINT**
      -against-                          **JURY DEMAND**

WARRANTY AUDIT SOLUTIONS, INC. and
MO BOGDANOVIC,

                        Defendants.
_____

       Plaintiffs, WP CARS, LLC, d/b/a White Plains Volkswagen ("White Plains VW") and IDD CARS, LLC, d/b/a Volkswagen of Nanuet ("VW of Nanuet") by their attorney, LABONTE LAW GROUP, PLLC, complains of the Defendant, WARRANTY AUDIT SOLUTIONS INC. ("Warranty Audit Solutions") and Defendant, MO BOGDAVOVIC ("Mo Bogdanovic"), and alleges as follows:

## NATURE OF THE CASE

       1.     Plaintiffs, White Plains VW and VW of Nanuet, bring this action for money damages, injunctive relief, declaratory judgment and statutory attorneys' fees and costs, seeking redress for fraudulent activities conducted by a Warranty Audit Solutions employee, Mo Bogdanovic, who intentionally fabricated warranty claims, which included, but are not limited to, increasing various hours and tasks and adding additional operational codes to claims.

## PARTIES

       2.     At all times hereinafter mentioned, Plaintiffs, White Plains VW and VW of Nanuet, are both limited liability companies organized and existing under the laws of the State of New York, with their respective principal places of business being located in White Plains and

Nanuet, New York.

3. Upon information and belief, Warranty Audit Solutions' principal place of business and/or headquarters is 9253 Steubenville Avenue, Englewood, Florida 34224.

4. Upon information and belief, and at all times hereinafter mentioned, Warranty Audit Solutions is a corporation organized and existing under the laws of the State of Florida.

5. Upon information and belief, ant at all times hereinafter mentioned, Mo Bogdanovic is an individual residing in Peoria, Illinois.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Defendants pursuant to diversity jurisdiction 28 U.S.C. § 1332.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and fraudulent activities complained of took part in this District and Plaintiffs maintain offices, transact business and are otherwise found in this District.

## RELEVANT FACTS

8. On July 31, 2019, White Plains VW and Warranty Audit Solutions entered into a binding mutual agreement. Attached as Exhibit "A" is a copy of the Dealer/Company Agreement (the "Agreement").

9. Defendant, Warranty Audit Solutions, agreed to review labor codes and process all manufactures' warranty claims for White Plains VW and VW of Nanuet.

10. Upon information and belief, Defendant, Warranty Audit Solutions, employed Mo Bogdanovic.

11. Upon information and belief, Defendant, Warranty Audit Solutions, directed and controlled the services provided by Mo Bogdanovic.

12. Defendant, Warranty Audit Solutions, allowed Defendant, Mo Bogdanovic, to intentionally fabricate warranty claims which included, but are not limited to, increasing various hours and tasks by fraudulently adding additional operational codes to claims.

13. As a result of said fraudulent conduct performed by Defendant, Warranty Audit Solutions, White Plains VW incurred damages in excess of $561,395.90 and VW of Nanuet incurred damages in excess of $104,879.42.

14. .As a result of said fraudulent conduct performed by Defendant, Mo Bogdanovic, White Plains VW incurred damages in excess of $561,395.90 and VW of Nanuet incurred damages in excess of $104,879.42.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS, THE PLAINTIFFS ALLEGE BREACH OF CONTRACT

15. Plaintiffs repeats and realleges each of the above allegations.

16. Defendants have failed to provide the services pursuant to the Agreement and as a result of Defendants' breach of the Agreement, White Plains VW incurred damages in excess of $561,395.90 and VW of Nanuet incurred damages in excess of $104,879.42.

17. Plaintiffs have suffered additional damages due to Defendants' actions, including damaging the Plaintiffs' reputation and caused it to lose business and respectfully refers all questions of facts and law as to the additional damages sustained by the Plaintiffs and are entitled recover to this Honorable Court.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS, THE PLAINTIFFS ALLEGE FRAUD

18. Plaintiffs repeats and realleges each of the above allegations.

19. Defendants were intentionally adding warranty codes to services orders after the Agreement was entered into by the parties.

20. Plaintiffs materially relied on the Defendants correctly entering all warranty codes for the service orders.

21. Plaintiffs were unaware of the Defendants fraudulent activities and these false additional warranty codes accrued during the time the Agreement.

22. Prior to a Volkswagen manufacturers' audit, Plaintiffs discovered these fraudulent activities and demanded it to immediately cease. However, due to the continued fraudulent activities of the Defendants, White Plains VW incurred damages in excess of $561,395.90 and VW of Nanuet incurred damages in excess of $104,879.42.

23. Plaintiffs have suffered additional damages due to Defendants' actions, including damaging the Plaintiffs' reputation and caused it to lose business and respectfully refers all questions of facts and law as to the damages sustained by the Plaintiffs and is entitled recover to this Honorable Court.

### AS AND FOR A THIRD CAUSE OF ACTION AGAISNT THE DEFNEDANTS, THE PLAINTFFS ALLEGE UNJUST-ENRICHMENT

24. Plaintiffs repeats and realleges each of the above allegations.

25. Defendant(s) profited from the increased various hours and tasks and adding operational codes to claims as the increased workload lead to greater revenue on behalf of defendants.

26. Plaintiff conducted several self-audits for several stores that lead to the discovery of various issues including, but not limited to, missing signatures, punch times, and missing logs, overabundance of additional op-code add-ons, etc.

27. Numerous debits issued over the overabundance and unaccounted for use of the 90TU of Technical check was applied to a number of repair orders. These activities, among others, lead to a surge in increased billing.

27. Given the necessity to correct such errors after the audits, necessitated Defendant(s) to fix these mistakes, resulting in higher billables to be charged to Plaintiff.

28. Plaintiffs have suffered additional damages due to Defendants' actions, including damaging the Plaintiffs' reputation and caused it to lose business and respectfully refers all questions of facts and law as to the damages sustained by the Plaintiffs and is entitled recover to this Honorable Court.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAISNT THE DEFENDANTS PLANTIFFS ALLEGE CONVERSION

29. Plaintiffs repeat and realleges each of the above allegations.

30. Defendant(s) received the benefit of payments for services rendered on behalf of Plaintiff.

31. Many debits entered when there repairs had zero elapsed nor insufficient elapsed time. All lines on a repair order are required to have time recorded regardless of pay type.

32. Plaintiffs have suffered additional damages due to Defendants' actions, including damaging the Plaintiffs' reputation and caused it to lose business and respectfully refers all questions of facts and law as to the damages sustained by the Plaintiffs and is entitled recover to this Honorable Court.

## JURY DEMAND

Plaintiffs repeat and realleges each of the above allegations.

Plaintiffs have suffered damages within the jurisdictional limits of this Court for a sum certain and respectfully refers all questions of facts and law as to the damages sustained by the Plaintiffs and is entitled to recover to this Honorable Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that the Court:

(a)   Plaintiffs' Complaint for demand for damages for both the first and second causes of action be granted, that judgment be awarded to White Plains VW in the amount of $561,395.90 and to VW of Nanuet in amount of $104,879.42, and additional damages sustained to be determined by this Honorable Court; and

(b)   for such other and further relief as this Honorable Court finds to be just, proper, and equitable.

Dated: Jericho, New York
      September 27, 2024

LABONTE LAW GROUP, PLLC

By: _____
Michael N. Gould, Esq.
Attorneys for Plaintiffs
WP CARS, LLC d/b/a White Plains
Volkswagen and IDD CARS, LLC, d/b/a
Volkswagen of Nanuet
333 Jericho Turnpike, Suite 200
Jericho, New York 11753
Telephone No. (516) 280-8580

TO:

Warranty Audit Solution, Inc.
9253 Steubenville Avenue
Englewood, Florida 34224

Mo Bogdanovic
2322 Van Winkle Way
Peoria, Illinois 61615

# EXHIBIT "A"

# Warranty Audit Solutions Inc.
## Dealer/Company Agreement

THIS CONTRACT, entered into on this **31** day of **JULY**, 20**19**, by and between **WHITE PLAINS VOLKSWAGEN**, whose address is **410 SAW MILL RIVER RD**, city of **ELMSFORD** state of **NY**, and **Warranty Audit Solutions, Inc (WAS)** whose address is 9253 Steubenville Ave., city of Englewood, state of Florida, 34224.

FOR AND IN CONSIDERATION of the mutual promises and benefits to be derived by the parties, they hereby agree to the following:

1. WAS will review, labor code and process all manufacturers' warranty claims for the Dealer/Company.
2. Dealer/Company will provide WAS all the passwords for VPN's and manufacturer's websites to process all warranty claims.
3. WAS will notify service management and/or Dealer of potential problems we observe.
4. WAS will provide monthly reports to Dealer/Company management regarding denied warranty claims and status.
5. WAS cannot be held liable for Dealer/Company variations in manufacturer policy and procedures. WAS will notify Dealer/Company of any deviation from OR a violation of manufacturer's warranty policies and procedures.
6. WAS is not the responsible party in the event of a manufacturer audit. WAS will represent Dealer/Company during a manufacturer's audit if requested. WAS will charge $1000.00 per day plus expenses (coach class airfare, hotel, meals, auto, etc.) and will be charged to the Dealer/Company on the next billing cycle.
7. Dealer/Company agrees to provide WAS with all necessary documentation needed too adequately process each warranty claim. RO's not received at WAS by 11 am will not have a guarantee of being closed the same day.
8. Dealer/Company agrees to provide WAS a montnly warranty schedule.
9. Warranty charge backs are not within the control of WAS. Problems such as: repairs not performed as stated, overlapping repairs, shop comeback, warranty parts not returned to the manufacturer and fraudulent repair orders are examples of occurrences that are subject to charge back. WAS will work closely with the service management to rectify these problems.
10. Dealer/Company agrees to pay Warranty Audit Solutions by the 15th of every month. Dealer agrees to reimburse WAS using the attached pricing matrix. Payment is due upon receipt. Payments not received by the close of business following the 10th day will be asses a late fee of 3% or a minimum of $50.00 whichever is greater. (18% per annum).
11. Warranty claims that are prior to WAS start date will be charged as follows. Claims within 30 days from WAS start date will be charged 10% of the paid claims. Claims over 30 days old prior to WAS start date will be charged 15% of the paid claims.
12. WAS reserves the right to modify the monthly rate on a yearly basis with a 30 day notification letter to Dealer/Company.
13. Termination of this contract by either party must be in writing 30 days prior to termination date. During the 30 day termination period all contracted claims management and processing service will continue through WAS. WAS will return all claims materials upon completion of the 30th day. In the event notice of less than 30 days is given, WAS will bill the monthly average.
14. Neither party shall publicly announce or disclose the terms or conditions of this Contract, or advertise, or release any publicity regarding this Contract without the prior consent of the other party. This provision shall survive the expiration, termination or cancellation of this contract.

This contract between the parties can only be modified in writing with both parties' signatures. This contract binds and benefits both parties, their successors and assigns. Time is of the essence of this contract. This contract shall be governed by the laws of Maryland.

The parties have signed this contract on the date specified above.

_____    _BRIAN J DENNIS_
General Manager/Dealer Principal      MANAGING MEMBER

_____
Carole Robertson
CEO Warranty Audit Solutions, Inc.

## Non - Disclosure Agreement

From time to time an in various forms the parties may exchange proprietary and/or confidential information to the other. The parties desire to protect their respective proprietary and /or confidential information being exchanged under this agreement.

1. <u>Identification of Proprietary and/or Confidential Information.</u> The parties agree that any proprietary and confidential matters and information that they shall respectively disclosed shall be subject to the terms of this Agreement only if such information is identified as follows (the "Confidential Information"):

2. If such information is in written or other tangible form, it shall be clearly marked or labeled "Proprietary and/or Confidential", provided, however, that the Dealerships customer records and financial records concerning Client shall be considered Confidential Information regardless of markings or labels.

3. <u>Non-Disclosure to Third Parties.</u> The Recipient shall treat the Confidential Information as the proprietary and/or confidential information of the Disclosing Party and shall not disclose, use, publish, or disseminate the Confidential Disclosing Party, and as governed by the terms of this Agreement. The Recipient shall safeguard Confidential Information as it would its own proprietary and confidential information. The Recipient shall immediately notify the Disclosing Party of any request by a third person or entity that Confidential Information be disclosed and shall cooperate with the Disclosing Party in its efforts to protect the Confidential Information from disclosure pursuant to the terms of this Agreement.

4. <u>Ownership and Use of Information.</u> All Confidential Information delivered by one party to the other party pursuant to this Agreement shall be and remain the property of the Disclosing Party, and the Confidential Information, and any copies thereof, shall be promptly returned to the Disclosing Party upon written request or destroyed at the Disclosing Party's option. The Recipient of Confidential Information shall not use the information for any purpose other than to carry out work mutually agreed upon the parties.

5. <u>Access to and Control of Information.</u> The Recipient of Confidential Information shall take full responsibility for its employees, subcontractors, network associates, and agents (collectively the "Agents") and shall reveal Confidential Information only to those Agents who have a need to know such Confidential Information for the purposes described in this Contract and shall it's Agents of the confidential of such information. An Agent who is not an employee of the Recipient shall sign a copy of this contract before release of any Confidential Information to them.

6. <u>Exceptions.</u> The obligations contained herein shall not apply to:

Information that is now, or hereafter, enters the public domain without a breach of this contract.

Information known to the Recipient prior to the time of disclosure by the Disclosing Party, or independently developed by the Recipient or its employees, with out access to the Confidential Information.

Information disclosed in good faith to the recipient by a third person or entity legally entitled to disclose the same.

<u>Injunctive Relief</u> The parties acknowledge that a violation of this Disclosure Agreement by a party may cause irreparable harm to the other for which no adequate remedy at law exists and, therefore, each agrees, in addition to any other remedy available, to the granting of injunctive relief to enforce the terms of this contract. The prevailing shall be entitled to recover all costs and expenses, including reasonable attorney's fees, incurred as a result of any legal action arising in relation to this non-disclosure contract.

This Agreement may be amended only by an agreement in writing signed by the parties hereto.

_____   Date 7-31-2019
General Manager/Dealer Principal

_____   Date _____
Carole Robertson
CEO, Warranty Audit Solutions, Inc.

STORE PHONE # (914) 931-9700
WP CARS, LLC
WHITE PLAINS VOLKSWAGEN
410 SAW MILL RIVER RD.
ELMSFORD NY 10523    SERVICE ADDRESS

BILLING: WHITE PLAINS VOLKSWAGEN
250 N. RTE 303
WEST NYACK NY 10994

SERVICE MANAGER: PHILLIP EDWARDS
(845) 222-6972 CELL
PEDWARDS@WHITEPLAINSVOLKSWAGEN.COM

BILLING CONTACT: DIANNE PLUMMER
(845) 320-3165
DPLUMMER@~~WHITEPLN~~@DENNIS-CO.COM